IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02575-BNB

LORENZO MARTINEZ,

      Applicant,

v.

B. DAVIS, Warden,

      Respondent.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 2 2010

GREGORY C. LANGHAM
                 CLERK

---

ORDER OF DISMISSAL

---

Applicant Lorenzo Martinez is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr.

Martinez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241. The Court must liberally construe the

Application because Mr. Martinez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will deny the Application and dismiss the

action.

The Court will not address the exhaustion issue and will proceed to decide the

merits of Applicant's claims. 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*,

208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding).

Mr. Martinez alleges that he is incarcerated for violating 21 U.S.G. § 841(a)(1)

and is serving a 151-month sentence. Mr. Martinez challenges the BOP Program

Statement that regulates the amount of time an inmate may have credited against his sentence once he has completed the 500-hour Residential Drug and Alcohol Abuse Program (RDAP). Mr. Martinez contends that the policy discriminates against inmates who have a sentence that is greater than thirty-six months. (Am. Application at Attach. 8.)

Mr. Martinez asserts that under 18 U.S.C. § 3621(e)(2) a prisoner who successfully completes a treatment program and was convicted of a nonviolent offense may have his sentence reduced up to one year. Mr. Martinez further asserts that after completion of the RDAP, under the applicable BOP Program Statement, an inmate with a thirty-month sentence or less receives a six-month reduction and an inmate with a thirty-one to thirty-six month sentence receives a nine-month reduction. (*Id.* at 7-8.) Mr. Martinez, however, will receive only a six-to-nine month reduction even though he is serving a 151-month sentence. (*Id.*) Mr. Martinez concludes that he is being treated differently than other similarly situated prisoners because inmates with lesser sentences are receiving full credit against their sentence for completing the RDAP, and he should receive the same percentage of time against his sentence as someone who is serving a sentence that is less than thirty-six months. (*Id.* at 8-9.)

First, the Court finds as follows. A prisoner does not possess a constitutional right to a reduction of a valid sentence, and 18 U.S.C. § 3621(e)(2)(B) does not create a constitutionally-protected liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (citing *Olim v. Wakinewkona*, 461 U.S. 238, 249 (1983). Mr. Martinez has no inherent right to be conditionally released before the expiration of his

2

sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Assuming Mr. Martinez completes the drug abuse treatment program successfully, he still is not entitled to an automatic sentence reduction. Section 3621(e)(2)(B) provides that the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program *may* be reduced by the Bureau of Prisons . . . ." The statute grants broad discretion to the BOP. Furthermore, a denial of early release eligibility does not subject a prisoner to an atypical or significant hardship for the purpose of establishing a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest arises only if prisoner is subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life.").

Second, a person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981). Mr. Martinez is not similarly situated to inmates who are serving a sentence of less than thirty-six months and who are closer in proximity to the completion of their sentence.

Mr. Martinez does not assert that he is being treated differently than other inmates who also have been sentenced to more than thirty-six months. Instead, he alleges that an inmate with a shorter sentence may receive more credit against his

sentence either in number of days or as a percentage of the total time that must be served upon completion of the RDAP.

"In order to prevail on an equal protection claim based upon the application of a facially neutral statute, it must be establish [ed] that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996). Although Mr. Martinez alleges that he was treated differently than other inmates, he fails to show that he was intentionally treated differently without a rational basis. Section 3621(e)(1)(C) requires admission to an RDAP based on the nearness to release. Nothing in the requirement intentionally treats Mr. Martinez differently. The requirement is rationally related to providing treatment to those prisoners who have been identified with a substance abuse problem and to provide them with treatment at a time close in proximity to their release date. Mr. Martinez's equal protection rights have not been violated   Accordingly, it is

ORDERED that the Application is denied and the action is dismissed on the merits.

DATED at Denver, Colorado, this _10th_ day of ___February___, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02575-BNB

Lorenzo Martinez
Reg No. 07649-081
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **2|12|10**

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk